**THOMAS C. COOK, INC., Appellant,**

v.

**Azizollah ROWHANIAN, Appellee.**

**No. 08-85-00027-CV.**

Court of Appeals of Texas,
El Paso.

Nov. 6, 1985.

Rehearing Denied Dec. 18, 1985.

Second Rehearing Denied
Jan. 15, 1986.

Thomas R. Beech, Law Offices of Thomas R. Beech, Houston, for appellant.

Dan L. Armstrong, El Paso, for appellee.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

## OPINION

OSBORN, Justice.

This case involves traveler's checks which were purchased in Iran and lost in New York. We reverse and remand.

About the time of the Shah's abdication in 1979, Azizollah Rowhanian left Iran and came with his daughter to the United States. Prior to his trip, he purchased $9,500.00 in traveler's checks in his name. He also purchased $20,100.00 in traveler's checks from street brokers. Since it was illegal to leave the country with more than $3,000.00 in currency, he hid all of these traveler's checks in a tape recorder when he flew out of Iran.

When he arrived in New York, he entered an elevator at the airport in order to make a change of planes. After entering the elevator he believed he was having a heart attack and stepped off the elevator, but left his tape recorder in the elevator. When the elevator returned, the tape recorder was gone. Mr. Rowhanian filed a claim with Thomas C. Cook, Inc., the party issuing the checks, for reimbursement of all of his lost traveler's checks. He was paid for those checks which he purchased in his name. The claim was denied and suit was filed for the $20,100.00 worth of checks which he had purchased from street brokers.

The Appellee alleged in his amended petition that he was entitled to recover for lost instruments under the provisions of Section 3.804 of the Texas Business and Commerce Code. That provision of the code states:

The owner of an instrument which is lost, whether by destruction, theft or otherwise, may maintain an action in his own name and recover from any party liable thereon upon due proof of his ownership, the facts which prevent his production of the instrument and its terms. The court may require security indemnifying the defendant against loss by reason of further claims on the instrument.

Mr. Rowhanian testified and there was received into evidence the various "Sales Advice" from Thomas Cook, Inc. which reflect the serial numbers and denominations of the checks which were issued in May, 1979, and are now claimed to have been lost. Like all traveler's checks, these checks had a place for the owner to sign when the checks were issued and another place for a signature when the checks were negotiated. Mr. Rowhanian testified that the checks which he purchased from the street brokers and which he subsequently lost had no signatures on them. The parties stipulated the value of the lost checks was $20,100.00. The jury found Mr. Rowhanian had acquired ownership of the traveler's checks in question, that such checks were stolen or lost and that the "advices" accurately reflect the terms of the checks.

■ In Point of Error No. Three, the Appellant attacks the legal sufficiency of the evidence to support the jury's verdict and contends the trial court erred in overruling its motion for an instructed verdict. We conclude that there is no evidence to support the answer to Special Issue No. 3. The sales advices do not reflect the actual terms of the checks and do not show that in fact there was a promise to pay when properly countersigned by the holder. Mr. Rowhanian did not testify that the lost checks contained a promise to pay the face amount of the checks when properly countersigned.

■ The real problem is that this case was tried on the wrong theory. Appellee pled, tried and submitted the case to the jury based upon Section 3.804, Tex.Bus. & Com.Code. That provision of the code is not applicable. Section 3.804 applies to the owner of an "instrument." Section 3.102, Tex.Bus. & Com.Code, says an "Instrument" means a negotiable instrument. Section 3.104, Tex.Bus. & Com.Code, comment 4, says:

Traveler's checks in the usual form, for instance, are negotiable instruments under this Article when they have been completed by the identifying signature. Mr. Rowhanian testified these checks had not been completed and in fact had no signature of the owner on them. Therefore these checks did not qualify as "instruments" under Section 3.804 and the case should not have been tried on that theory. We sustain the no evidence point of error, but since the case was tried on the wrong theory, in the interest of justice we reverse and remand for a new trial. *National Life and Accident Insurance Company v. Blagg,* 438 S.W.2d 905 (Tex.1969); *Scott v. Liebman,* 404 S.W.2d 288 (Tex. 1966); Appellate Procedure in Texas, 2d Ed., sec. 22.9 (1979).

The judgment of the trial court is reversed and the case is remanded for a new trial.

## OPINION ON MOTION FOR REHEARING

The Appellee contends in his motion for rehearing that there was no issue as to the terms of the traveler's checks which were lost and that we erred in sustaining the point of error attacking the legal sufficiency of the evidence on that issue of the case. Having tried the case under Section 3.804, Tex.Bus. & Com.Code, Appellee was required to establish the terms of each instrument claimed to be lost. If there was no dispute, why did the trial court submit that issue? If there was no dispute, why didn't the Appellee object to the submission of the issue? The Appellant's Motion for Instructed Verdict stated: "He [Plaintiff] must establish the terms of the instrument * * *." Counsel in his argument in support of the motion said: "He hasn't even established the terms of the instruments upon which he is bringing his suit."

We find no evidence that the sales advices reflect all of the terms of the checks in dispute, particularly with regard to a promise to pay when properly countersigned by the holder. Appellee now urges that we take judicial notice of the terms of

the checks which were issued by Thomas C. Cook, Inc. That request comes too late when made after the case has been tried and decided on appeal. Cf., *Thomas v. Morrison,* 537 S.W.2d 274 (Tex.Civ.App.— El Paso 1976, writ ref'd n.r.e.).

The motion for rehearing is overruled.